GREGORY M. HALL et al., Copartners Doing Business under the Name of BRUCE L. HALL AND SONS, Respondents, v. EDGAR A. BLUMBERG, as Trustee in Bankruptcy of SIMCO, INC., a Bankrupt, et al., Respondents; FRANKLIN KNAPP et al., Appellants.

Third Department, June 3, 1966.

*Ferris, Kehoe, Tenney & Murnane* (*Don P. Murnane* of counsel), for appellants.

*Van Horne & Feury* (*Theodore P. Feury* of counsel), for Gregory M. Hall and another, respondents.

*Joseph P. Leary* for St. Mary's Church of Cooperstown and another, respondents.

*Arthur J. Harvey* for Edgar A. Blumberg, as trustee, respondent.

*Jack Goodman* for Adam Ross Cut Stone Co., Inc., respondent.

*Wood, Morris, Sanford & Hatt* for Bryant Lumber Corp., respondent.

*Ferris, Hughes, Dorrance & Groben* for American Hard Wall Plaster Company, respondent.

*James J. Drislane* for Casazza Steel Buildings, Inc., respondent.

*Wager, Taylor, Howd & Brearton* for West Side Structural Company, Inc., respondent.

*Morton M. Z. Lynn* for Valley Metal Products Company, respondent.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court at Special Term, Otsego County, which dismissed defendants-appellants' counterclaims and cross claims in this action to foreclose a mechanic's lien.

Upon an agreed statement by all parties, two questions are to be determined:

1. Does the $8,092.21, representing the balance due Simco, Inc., from the church after it had completed the contract, constitute a trust fund under article 3-A of the Lien Law?

2. If the said moneys do constitute a trust fund under article 3-A of the Lien Law, are the defendants Franklin Knapp *et al.* and Edmund Metzger *et al.* entitled to share therein,

despite the fact that their answers containing counterclaims and cross claims asserting such right were served more than one year after completion of the church project?

This action was commenced by the plaintiffs on April 18, 1963 for building materials furnished to Simco, Inc., which had contracted to build a parish hall for the defendant St. Mary's Church of Cooperstown. A notice of pendency of action was filed in the County Clerk's office the same day. The amount of the plaintiffs' claim was $17,434.57 only $4,510.29 of which had been paid. Simco, Inc., was adjudicated a bankrupt on March 21, 1963. The other defendants-respondents supplied Simco with labor and materials for the construction in question and also had filed mechanic's liens against St. Mary's prior to the completion of the project and prior to the commencement of this action.

On May 1, 1963 and on May 9, 1963 liens were filed against the same property by the defendants-appellants for unpaid welfare and pension contributions due them under Simco's contract with their union. Defendants-appellants took no further action on their liens until they served answers in the present action on November 21, 1964 after they had been joined as parties defendants by order dated July 7, 1964, and entered July 16, 1964. It is undisputed that these answers were served more than a year after the project had been completed. The answers asserted a first counterclaim and cross claim for the foreclosure of their liens and in a second counterclaim and cross claim requested enforcement of a trust pursuant to article 3-A of the Lien Law and preference in payment by virtue of section 77 (subd. 8, par. [c]) of the Lien Law.

As found by Special Term, the church does not hold any assets which are included in subdivision 5 of section 70 of the Lien Law as being trust assets of which an owner may be considered a trustee. The appellants, however, argue that the said sum of $8,092.21 is a trust asset under subdivision 6 of section 70 of the Lien Law which in effect makes a contractor a trustee as to his right of action to collect funds due under a contract for the improvement of real property.

Subdivision 6 of section 70 of the Lien Law notes that the " assets of the trust of which a contractor is trustee are the funds received by him and his rights of action for payment thereof (a) under the contract for the improvement of real property or the public improvement ".

Seemingly inconsistent with subdivision 6 of section 70 is section 41, which provides that a mechanic's lien is enforcible not only against the real property, but " against a person liable

for the debt upon which the lien is founded''. The scope of the lien is limited by section 4 to '' the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon.''

Thus the language of the rather poorly drafted subdivision 6 of section 70 leads to the anomalous result with which we are faced in the present case. An unpaid balance owing from the owner to the general contractor is the subject of the prior perfected mechanic's lien filed by certain subcontractors and, also, the subject of a belated effort to enforce an article 3-A trust by another subcontractor.

When such a situation arises, absent future legislative clarification, the better rule would seem to be that the perfection of the mechanic's lien removes any assets which are the subject of such a lien, from the scope of an article 3-A trust. Section 79, which provides that '' Nothing in this article shall prevent the enforcement of any lien as provided in articles two and three of this chapter and neither such lien nor any satisfaction obtained thereby, shall be deemed a diversion of trust assets or an unauthorized preference,'' seems to support this construction.

This case is one of first impression. The result reached is significant in its attempt at preventing dilution and nullification of the long-recognized remedy of the mechanic's lien.

The appellants concede that the court at Special Term was correct insofar as it dismissed their counterclaims and cross claims based upon the foreclosure of their liens.

In view of our decision, we do not reach the second question. The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment affirmed, without costs.