In the Matter of the Arbitration between THE PERKINS & WILL PARTNERSHIP, Appellant-Respondent, and SYSKA AND HENNESSY et al., Respondents-Appellants; AMERICAN ARBITRATION ASSOCIATION, Additional Respondent.

In the Matter of the Arbitration between WALTER KIDDE CONSTRUCTORS, INC., Respondent-Respondent, and MOUNT SINAI HOSPITAL OF HARTFORD, CONNECTICUT, et al., Respondents-Respondents, and E. TODD WHEELER, Respondent-Respondent, and THE PERKINS & WILL PARTNERSHIP, Appellant-Respondent.

In the Matter of GARFINKEL, MARENBERG & ASSOCIATES, Appellant, v THE PERKINS & WILL PARTNERSHIP, Respondent.

First Department, December 16, 1975

*Joseph A. Bergadano* of counsel *(Barbara W. Thompson* with him on the brief; *Hart & Hume,* attorneys), for appellant-respondent,

*Joseph S. Kaming* of counsel *(Marc S. Krieg* with him on the brief; *Cunningham & Kaming, P. C.,* attorneys), for Syska and Hennessy, respondent-appellant.

*Mario A. Fristachi* of counsel *(Goetz & Fitzpatrick, P. C.,* attorneys), for Garfinkel, Marenberg & Associates, respondent-appellant.

*Louis H. Willenken* of counsel *(William J. O'Donnell* and *Stephen H. Kinney, Jr.,* with him on the brief; *Reid & Priest,* attorneys), for Walter Kidde Constructors, Incorporated, respondent-respondent.

*Mario A. Fristachi* of counsel *(Peter Goetz* with him on the brief; *Goetz & Fitzpatrick, P. C.,* attorneys), for appellant.

*Joseph A. Bergadano* of counsel *(Barbara W. Thompson* with him on the brief; *Hart & Hume,* attorneys), for respondent.

LUPIANO, J. The controversies at bar arise out of the construction of certain additions to and alterations of the facilities of The Mount Sinai Hospital of Hartford, Connecticut. The Mount Sinai Hospital (hereinafter "the Hospital") entered into an agreement with The Perkins & Will Partnership (hereinafter "the Architect") on or about July 28, 1965 for certain architectural and other services in connection with this construction. Similarly, on or about October 29, 1968, the Hospital entered into an agreement with Walter Kidde Constructors, Inc. (hereinafter "the General Contractor") whereby the latter agreed to construct the additions and alterations to the Hospital's facilities. The Architect utilized as consulting engineers on this project the firms of Syska and Hennessy (hereinafter "the Mechanical Engineers") and Garfinkel, Marenberg & Associates (hereinafter "the Structural Engineers"). In March, 1972, the General Contractor commenced an arbitration proceeding against the Hospital under the arbitration provision of their agreement. In that proceeding the General Contractor asserts a claim for delay, extras and changes in the sum of $9,645,787. By demand dated April 20, 1973, the Hospital initiated an arbitration proceeding against the Architect, seeking to recover "[s]o much of damages claimed by [the General Contractor], which were the fault of the Architects and their Engineers". Subsequently, the Hospital's arbitration proceeding against the Architect, asserting a claim over, was consolidated into the prior arbitration proceeding between the General Contractor and the Hospital. While the determination consolidating these arbitration proceedings was subject to appellate review at the behest of the Architect, the Hospital and the General Contractor engaged in litigating discovery matters. Following appellate imprimatur of the court-directed consolidation, the litigation engaged in by the Hospital and the General Contractor resulted in a court order (March 7, 1975), directing the parties to proceed forthwith to arbitration.

Following this directive and before the selection of any arbitrators, the Architect served a demand for arbitration dated April 24, 1975 on both the Mechanical Engineers and the Structural Engineers. The demand stated as the nature of

the dispute the arbitration instituted by the Hospital against the Architect and as the claim or relief sought "[s]o much of the claims being made against [the Architect] by [the Hospital] * * * for which this [Architect] may be held liable to said [Hospital], for which the above-named [engineers] to whom this Demand is addressed may be liable for to the [Architect] herein". Paragraph "15" in the agreement between the Architect and the Mechanical Engineers and in the agreement between the Architect and the Structural Engineers provides as follows: "Any decision or determination by the [Hospital] relating to the Architects performance or compensation under his contract with the [Hospital], which is binding upon the Architect, shall also be binding on the Consultant [the engineers] insofar as it relates to or involves his performance of compensation under this agreement. Any decision or determination resulting from arbitration between the Architect and the [Hospital] which relates to the Consultant's services shall be binding upon the Consultant, provided that the Consultant has been afforded the opportunity to participate in the arbitration. *Except as is heretofore provided for in this paragraph,* any dispute arising between the parties to this agreement, or involving the interpretation of the terms of this agreement or a Work Authorization Form subject to this agreement, or any breach of either, shall be submitted and determined by arbitration before the American Arbitration Association. * * * All notices with respect to the demand for arbitration, the conduct of the arbitration and the enforcement of the arbitration award shall be deemed sufficient if served by telegram or certified or registered mail addressed by one party to the other at the addresses set forth herein" (emphasis supplied). The rider to the demand for arbitration served on the engineers contains specific reference to the contractual vouching-in procedure delineated in paragraph "15". Further, it appears that the Architect served on the Structural Engineers by registered mail, return receipt requested, care of Sol Marenberg Associates, a letter dated April 30, 1975, referring to the arbitration provision of their agreement and advising of the pending arbitration against the Architect by the Hospital, as follows: "We are advising you of the aforesaid arbitration to which we have been made a party by the [Hospital] in accordance with the provisions of the * * * agreement between us dated June 24, 1966, and as revised, inform you thereof in accordance with that agreement and afford you the opportunity to participate in that arbitration."

The Architect commenced a special proceeding to stay the consolidated arbitration commenced by the General Contractor against the Hospital to which the Architect was made a party pending consolidation of the separate arbitration proceeding commenced by the Architect against the engineers with the afore-mentioned previously consolidated arbitration proceeding involving the General Contractor, the Hospital and the Architect. In answer, the Structural Engineers asserted counterclaims for a declaratory judgment that arbitration against them be permanently stayed on the ground, *inter alia,* that the demand for arbitration was improperly served and that the contractual vouching-in notice was untimely. The Mechanical Engineers in their answer requested permanent stay of the arbitration commenced against them and of utilization by the Architect of the vouching-in procedure set forth in their contract. In addition to opposing the Architect's attempt to consolidate the arbitration proceedings, each of the engineers had commenced a separate proceeding to stay the arbitration demanded against them by the Architect. These proceedings were submitted to Special Term which disposed of them as follows: the Architect's request for consolidation was denied on the ground that the Architect's delay in proceeding against the engineers should not serve to further delay the prior consolidated arbitration proceeding involving the General Contractor, the Hospital and the Architect. The applications by the engineers to stay arbitration were denied on the ground that the agreements between the Architect and the engineers contained broad arbitration clauses. The Architect appeals and the engineers separately cross-appeal from that determination in the proceeding wherein the Architect seeks consolidation. Further, the Structural Engineers appeal from that determination in the proceeding separately initiated by them to stay the arbitration demanded by the Architect.

Scrutiny of the arbitration provision in the agreements between the Architect and the engineers mandates the conclusion that the Architect's demand for arbitration against the engineers should have been vacated as no dispute is delineated therein which falls within that portion of the arbitration provision which contains the broad arbitration clause. Patently, the dispute between the Architect and the engineers involves indemnification and is so specified in the demand. This dispute is the subject of the exception to arbitration set forth in paragraph "15" of the agreements between the Archi-

tect and the engineers. That exception restricts the resolution of indemnification under paragraph "15" to the procedure of affording the engineers the opportunity to participate in the arbitration brought by the Hospital against the Architect. The Architect's letter to the Structural Engineers dated April 30, 1975 functions under the contractual vouching-in procedure and was directed to the address contractually set forth for that purpose: 9 East 40th Street, New York, New York. There is no time limitation set forth in the agreements with the engineers as to when the Architect must afford the engineers the opportunity to participate in the Hospital's arbitration against the Architect. However, the implied covenant of good faith warrants reading into the contractual procedure a requirement that notice be given within a reasonable time so as to afford a meaningful opportunity of participation. In this connection, the Structural Engineers have failed to demonstrate that the notification received by them, to wit, the demand for arbitration with rider attached and the letter dated April 30, 1975, did not constitute under the circumstances herein, the affording of a meaningful opportunity of participation. Up to the time the Architect served the aforesaid demand and letter on the structural engineers, no arbitrators had yet been selected or appointed and no hearings had been set in the consolidated General Contractor-Hospital-Architect arbitration. The mere passage of time between the date the Hospital demanded arbitration against the Architect and the notice to the structural engineers of the opportunity to participate in that arbitration does not establish a waiver of the Architect's rights of indemnification through the procedures of paragraph "15". Indeed, the delay between the Hospital's demand for arbitration and the onset of the arbitration is attributed to the General Contractor and occasioned by litigation between the General Contractor and the Hospital from which the Architect was largely excluded.

The Structural Engineers (a partnership) also contend that the service of the notice of participation was improper as to them in that they dissolved on April 6, 1970, some five years prior to such service. "A partnership is not terminated upon dissolution, but continues until winding up of partnership affairs is completed. After dissolution, a partnership is considered as maintaining a limited existence for the purpose of making good any outstanding engagements, taking and settling accounts, collecting partnership property and the means

and assets of the partnership, and generally watching over the business for the benefit of all those interested" (43 NY Jur, Partnership, § 203, p 194). Patently, the propriety of service of the notice of opportunity to participate in the form of the letter dated April 30, 1975, must be analyzed in light of the contractual provisions. Under paragraph "15", such notice is sufficient if mailed by registered mail to Garfinkel, Marenberg & Associates at 9 East 40th Street, New York, New York, as was done. This notice does not purport to be and does not partake of legal process in an action or proceeding wherein the dissolved partnership is sued. Therefore, the critical fact is whether a member of the dissolved partnership received notice of the opportunity to participate, not whether the notice was specifically addressed to or named a member of that firm. It is recognized "that partners are but one person, in legal contemplation; that each partner, acting in such capacity, is not only capable of performing what all can do * * * but by such acts necessarily binds them all; that, as incident to such joint relations, all of the partners are affected by the knowledge of one * * * And so a demand upon one partner is sufficient, because he represents the firm" *(Gates v Beecher,* 60 NY 518, 523 [1875]). Sol Marenberg was a partner of the Garfinkel, Marenberg & Associates partnership at the time of its dissolution. The Architect's letter of April 30, 1975 is addressed to said partnership "c/o Sol Marenberg Associates", at the address set forth in the contract. The letter commences: "Dear Mr. Marenberg". Under these circumstances, the fact that the letter was not personally served on Sol Marenberg and not specifically addressed to him, may not serve to shield the dissolved partnership from the potential liability for indemnification delineated in the agreement between said partnership and the Architect. In connection with the certificate of discontinuance of the partnership, dated March 31, 1970 and apparently filed with the County Clerk of New York County on April 6, 1970, Garfinkel, Marenberg & Associates informed the Architect by letter dated March 27, 1970 that "all further work and outstanding balances due * * * will be assigned to the firm of Sol Marenberg Associates for completion and collection. We authorize you to make all payments for past and future billings on these projects to Sol Marenberg Associates, 9 East 40th Street, New York 10016 * * * Please be assured that there will be no interruption in services performed and your best interests will be maintained during the transition. We would appreciate your acknowledgment of

this assignment and the terms stated therein, by signing a copy of this letter and returning it to us". It is beyond peradventure that the notice of opportunity to participate was properly served and was timely as to the Structural Engineers.

The Mechanical Engineers (Syska and Hennessy) similarly were put on notice of the arbitration proceeding involving the Hospital and the Architect and their attention was specifically drawn to the vouching-in provision of their agreement with the Architect. This was effected by the rider to the demand for arbitration. To reiterate, the dispute delineated in the demand for arbitration is solely that involving the Hospital and the Architect. Further, it appears that the Mechanical Engineers knowingly aided the Architect in connection with the latter's preparation of its defense in the consolidated arbitration involving the Hospital since the inception of the Hospital's demand against the Architect. Under these circumstances, the rider to the demand served by the Architect on the Mechanical Engineers constitutes, on a pragmatic basis, notice of opportunity to participate in the prior consolidated arbitration proceeding. Such activity on the part of the Mechanical Engineers is in their own best interest in that assuming the Architect defeated the claim of the Hospital, there would no longer be a predicate for a claim over by the Architect against the Mechanical Engineers.

However, the Mechanical Engineers assert that they cooperated with the Architect solely on the basis of the latter's agreement to relieve the former of possible liability from being vouched into the arbitration or of future arbitration with the Architect. No writing is presented by the engineers evidencing such understanding. The consultant's agreement between the Architect and the Mechanical Engineers provides in pertinent part: "9. Either party may terminate this agreement upon seven (7) days' *written* notice to the other, provided that *such termination shall not affect* the applicability of any provision of this agreement to any Work Authorization Form which has theretofore been accepted by the Consultant * * * 16 * * * the Consultant may not assign, subcontract or transfer his interest in this agreement or a Work Authorization Form subject to this agreement or his duties thereunder *without the written consent* of the Architect" (emphasis supplied). In light of section 15-301 of the General Obligations Law, it was incumbent upon the Mechanical Engineers to produce a writing evidencing the alleged understanding be-

tween the parties. Mere conclusory assertions of an oral agreement on the part of the Architect to terminate the Mechanical Engineers' liability under the vouching-in and arbitration clauses of paragraph "15" is not sufficient.

Parenthetically it is noted that the indemnification aspects of the consultant's agreements set forth in paragraphs "12" and "15" thereof, do not run afoul of section 5-324 of the General Obligations Law. The indemnification illegalized by said section of the General Obligations Law is one by the owners, contractors, subcontractors or suppliers for the architect's and the engineers' negligence and is not addressed to indemnification between the architect and the engineers. Secondly, the proscribed indemnification relates to damages for bodily injury or property damage, whereas in the case at bar, the General Contractor is suing for delay claims, extras and changes which do not appear to be within the ambit of those categories.

Accordingly, the judgment (denominated an order) of the Supreme Court, New York County (POSTEL, J.), entered July 16, 1975, should be modified, on the law so as: (1) to vacate the demand for arbitration served on the Structural and Mechanical Engineers insofar as arbitration is concerned; (2) to hold that the demand for arbitration with annexed rider served on the Mechanical Engineers in effect constituted notice of opportunity to participate in the arbitration pending against the Architect and as such was timely and valid; and (3) to declare that the notice of opportunity, by letter dated April 30, 1975, to participate in the arbitration pending against the Architect was timely, valid and properly served, and, as so modified, the judgment should be affirmed, without costs and disbursements.

Similarly, the judgment of the Supreme Court, New York County (POSTEL, J.), entered July 17, 1975, should be modified, on the law, so as to vacate the demand for arbitration and to deny the declaratory relief requested by the petitioner (Garfinkel, Marenberg & Associates) in view of the grant of that relief in the proceeding brought by the Architect as above indicated, and, as so modified, the judgment should be affirmed, without costs and disbursements.

MURPHY, J. P., CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Judgment (denominated an order), Supreme Court, New York County, entered July 16, 1975, unanimously modified, on the law, so as: (1) to vacate the demand for arbitration served

on the Structural and Mechanical Engineers insofar as arbitration is concerned; (2) to hold that the demand for arbitration with annexed rider served on the Mechanical Engineers in effect constituted notice of opportunity to participate in the arbitration pending against the Architect and as such was timely and valid; and (3) to declare that the notice of opportunity, by letter dated April 30, 1975, to participate in the arbitration pending against the Architect was timely, valid and properly served, and, as so modified, the judgment is affirmed, without costs and without disbursements.

Judgment, Supreme Court, New York County, entered July 17, 1975, unanimously modified, on the law, so as to vacate the demand for arbitration and to deny the declaratory relief requested by the petitioner in view of the grant of that relief in the proceeding brought by the Architect as above indicated, and, as so modified, the judgment is affirmed, without costs and without disbursements.