Memorandum. The order of the Appellate Division should be affirmed.
 

 The agreements between the architect and the structural engineers and mechanical engineers respectively did not contain a "broad arbitration clause” calling for the arbitration of all disputes. Quite to the contrary, Paragraph 15 of each agreement specifically covered disputes of the type presently at issue by providing that "[a]ny decision or determination resulting from arbitration between the Architect and the Owner which relates to the Consultant’s services [referring to either the structural or mechanical engineers] shall be binding upon the Consultant, provided that the Consultant has been afforded the opportunity to participate in the arbitration.” The paragraph went on to declare that any other disputes were subject to arbitration as outlined in the agreement.
 

 As we observed in
 
 Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.
 
 (37 NY2d 91, 95), "[generally it is for the courts to make the initial determination as to whether the dispute is arbitrable, that is 'whether the parties have agreed to arbitrate the particular dispute’ ” (quoting
 
 Steelworkers v American Mfg. Co.,
 
 363 US 564, 570-571). Under the agreements in issue in the case now before us, the Appellate Division was correct in its determination that the respondents had not agreed to submit this dispute to arbitration and that the architect’s exclusive remedy was to vouch in the engineers in the on-going arbitration between the owner and the architect.
 

 
 *1047
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.