■ In the Matter of the Arbitration between County of Rensselaer, Respondent, and Rensselaer County Unit, CSEA, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered January 4, 1977 in Rensselaer County, which granted an application by petitioner to stay arbitration. A collective bargaining agreement was entered into between petitioner and appellant on May 21, 1976 covering the period from January 1, 1976 through December 31, 1976. Although the agreement provided for a general wage increase for all full-time employees, petitioner has refused to pay a pro rata share of the increase to employees who were employed on January 1, 1976 but no longer employed on May 21, 1976, the date the agreement was signed. Appellant made a demand for arbitration and petitioner commenced this proceeding seeking a stay of arbitration. Special Term granted petitioner's application and denied appellant's cross motion to compel arbitration. This appeal ensued. The decision at Special Term was based on a finding that petitioner did not file a grievance within the 15-day period set forth in the agreement and that petitioner failed to comply with the step-by-step grievance procedure. The court then determined that the parties had only agreed to arbitrate disputes after these procedures had been followed and thus concluded that the dispute was not arbitrable. As a general rule, it is for the courts to make the initial determination as to whether a particular dispute is arbitrable (Matter of Perkins & Will Partnership [Syska & Hennessy], 41 NY2d 1045). Questions of timeliness and compliance with step-by-step grievance procedures prior to final binding arbitration, however, are questions of procedural arbitrability and it is well settled that such questions are for the arbitrator (Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380). This court noted recently that "the tendency seems to be, at least in the absence of a very narrow arbitration clause or an express provision making compliance with contractual time limitations conditions precedent to arbitration, to treat contractual time

limitations, and especially those relating to the step-by-step grievance procedure, as matters of procedural arbitrability for the arbitrators [citations omitted]" *(Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85, 87). The agreement here under consideration contains a broad arbitration clause and no express provision is set forth making compliance with contractual time provisions or step-by-step grievance procedure conditions precedent to arbitration. Consequently, appellant's alleged failure to comply with the specific time limitations and the step-by-step grievance procedure raised questions of procedural arbitrability for the arbitrator and are not a bar to arbitration *(Matter of Massapequa Gen. Hosp. v Local 144 Hotel, Hosp., Nursing Home & Allied Health Servs. Union,* 55 AD2d 933; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], supra).* Judgment reversed, on the law and the facts, without costs, petition dismissed and parties directed to proceed to arbitration forthwith. Koreman, P. J., Greenblott, Sweeney, Mahoney and Main, JJ., concur.