In the Matter of the Arbitration between WAYNE L. FREDETTE, Appellant, and CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered February 21, 1978 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award and dismissed the petition. Appellant, a member of the Amalgamated Transit Union, Local 1321 (Union) was discharged as a bus driver by the Capital District Transportation Authority (Authority) on February 16, 1977 for drinking beer while on duty. After appellant's grievance was denied by the Authority, the Union demanded arbitration. After a hearing on July 15, 1977, the grievance was denied and the discharge sustained. At Special Term, appellant alleged that the Authority failed to follow contractual procedures for processing a grievance before submitting it to arbitration, and, further, that the arbitrators exceeded their powers by ruling on the arbitrability of the dispute. Special Term dismissed the petition. This appeal ensued. Article 29 of the collective bargaining agreement, in pertinent part, provides that "The Union shall notify the Company of its intention to submit a grievance to arbitration within ten (10) days of the date on which the General Manager advised the Union of his decision on the grievance". Article 31, in part, stated that "In the event any dispute cannot be settled in accordance with the provisions of Article 29 [grievance], the matter shall promptly be submitted to a Board of Arbitration". It is also agreed, in article 33, that "Any question of any interpretation of any clause of this contract shall be determined by arbitration." While, in general, it is for the courts to make the initial determination as to whether a dispute is arbitrable, questions of procedural arbitrability such as those involving compliance with grievance procedures are for the arbitrator (Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380; Matter of Triborough Bridge & Tunnel Auth. [District Council 37], 56 AD2d 890, affd 44 NY2d 967). Where, as here, a collective bargaining agreement does not explicitly make compliance with a step-by-step grievance procedure a condition precedent to arbitration, the alleged failure of a party to comply with such procedures is a question of procedural arbitrability for the arbitrator and is not a bar to arbitration (Matter of County of Rensselaer [Rensselaer County Unit, CSEA], 58 AD2d 911). Here, there is substantial evidence in the record to support the arbitrators' decision that the procedures were sufficiently complied with by the Authority. Further, the letter from the Union to the Authority, dated March 23, 1977, demanding arbitration "pursuant to article 31 of the labor agreement", strongly suggests that the Union was satisfied that all grievance steps had been completed since the agreement states that the Union must notify the company of its intention to arbitrate "if no agreement is then reached". Thus, the determination under attack cannot be set aside in the absence of complete irrationality on the part of the arbitrators (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582). Since we find no irrationality and are powerless to review errors of fact or law (Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co., 43 NY2d 184, 191), there must be an affirmance. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.