OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 While we agree with the result reached by the majority at the Appellate Division, we do so on a somewhat different basis. We conclude that the reference in paragraph 24 of the contract between The John W. Cowper Company and Hires-Turner Glass Company to “the general conditions of the general contract” is simply an
 
 exclusion
 
 from the arbitration clause of the Cowper-Hires-Turner contract and not an
 
 incorporation
 
 of the arbitration provision of the
 
 *939
 
 general contract between Cowper and the owner, Clintstone Properties, Inc. Paragraphs 3 and 23 of the Cowper-Hires-Turner contract do incorporate by reference, but, for the reasons stated in
 
 Matter of Fidelity & Deposit Co. of Md. v Parsons & Whittemore Contrs. Corp.
 
 (48 NY2d 127) and
 
 Matter of Perkins & Will Partnership (Syska & Hennessy)
 
 (41 NY2d 1045), those paragraphs do not constitute an agreement by Hires-Turner to arbitration under the Cowper-Clintstone contract provision. Rather, the effect of paragraphs 3 and 23 when considered in the light of our holdings in the cited cases was simply to bind Hires-Turner by the results reached in any arbitration between Cowper and Clintstone, provided only that Hires-Turner by being vouched in (see
 
 Glens Falls Ins. Co. v Wood,
 
 8 NY2d 409) was given the opportunity to present its position to the arbitrators.
 

 Cowper’s contract with Hires-Turner does, however, contain in paragraph 24 language requiring arbitration between them concerning “interpretation of this agreement or * * * any matters arising under this agreement”. While that provision expressly did not apply to any “claim, dispute or matter * * * covered by insurance, unless the insurance carrier consents in writing to such arbitration and agrees to be bound thereby”, the burden is upon Hires-Turner in this stay proceeding to establish that Cowper’s claim for indemnification from Hires-Turner for such damages as Cowper may be required to pay Clintstone is covered by insurance
 
 (Matter of MVAIC [Cuevas],
 
 38 AD2d 813, app den 30 NY2d 485;
 
 Matter of Hanavan
 
 [MVAIC], 33 AD2d 1100;
 
 Aetna Ins. Co. v Logue,
 
 68 Misc 2d 841). This, however, it has failed to do. The insurance policy presented covers the policy period July 1,1973 to July 1,1976, whereas the contract between Cowper and Hires-Turner was to begin March 1, 1971 and be completed October 1, 1971, and there is nothing in the petition or accompanying affidavits to establish that the work done by Hires-Turner under that contract is in fact within the coverage of that policy.
 

 Since Cowper is, therefore, entitled to proceed with arbitration of its indemnification claim against Hires-Turner
 
 *940
 
 and is obligated also to arbitrate the underlying issues with Clintstone, the Appellate Division’s order consolidating the two proceedings was within its discretion
 
 (Matter of Vigo S. S. Corp. [Marship Corp. of
 
 Monrovia], 26 NY2d 157;
 
 County of Sullivan v Edward, L. Nezelek, Inc.,
 
 42 NY2d 123).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.