■ C. B. STRAIN & SON, INC., Appellant, v J. BARANELLO & SONS, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered October 23, 1981 in Ulster County, which granted defendant J. Baranello & Sons' motion for a stay of the instant action pending the completion of arbitration proceedings and the rendering of an award. Plaintiff was a subcontractor of the general contractor, defendant J. Baranello & Sons (Baranello) in the construction of an $8,245,000 addition to the Benedictine Hospital (hospital) in Kingston, New York. Under its subcontract with Baranello, plaintiff was to install the plumbing, heating, sprinkler, ventilating and air conditioning systems, all in accordance with the plans and specifications of the architects, Ferrenz & Taylor, Inc., for a total of $2,326,900. The contracts contemplated the completion of the project by December 31, 1978; in actual fact, the work was not completed until some nine months later. During construction, disputes arose among the parties concerning delays and the rendering of additional work, and whether they were attributable to defects and deficiencies in the plans and specifications or to faulty performance by Baranello and plaintiff. The controversy apparently centered around the work called for under plaintiff's subcontract. Plaintiff and Baranello de-

manded substantial extra compensation for the delays and extra work. Conversely, the hospital claimed reimbursement from them for its losses due to the nine-month delay in completion. Pursuant to demands made in April, 1980 and October, 1980 under applicable provisions of the prime contract, the foregoing dispute between Baranello, the hospital and the architects was submitted to arbitration. In November, 1980, plaintiff also demanded arbitration, but subsequently withdrew its demand. However, plaintiff was subsequently vouched in on the then-pending arbitration of all of the conflicting claims of the parties, and concededly has been participating in the arbitration proceeding. Thereafter, plaintiff brought three separate actions to enforce its claims with respect to its performance on the project, namely, an action in the United States District Court against the surety company on Baranello's payment bond, the instant representative action to enforce a statutory trust under article 3-A of the Lien Law with respect to undistributed sums totaling approximately $118,000 allegedly paid by the hospital to and retained by Baranello, and a companion action to foreclose its mechanic's lien against the improved property in sums aggregating more than $1,000,000. Special Term granted Baranello's motion to stay both of plaintiff's State court actions, but plaintiff has only appealed from the stay of the instant action. Where parallel proceedings are pending, it is generally held that a stay of one or more is appropriate if there is such a commonality of parties and issues that the resolution of one proceeding will substantially determine the others (*Conserve Power Energy v Abco Refrig. Supply Corp.,* 50 AD2d 798; *Research Corp. v Singer-General Precision,* 36 AD2d 987; *Krisel v Phillips Petroleum Co.,* 32 AD2d 628). Plaintiff contends that no such substantial identity of issues exists between its statutory trust action and the arbitration proceeding, since the instant action involves a sum already paid by the hospital and thus presumably is not an amount in controversy in the arbitration proceeding. We think plaintiff's view too narrowly circumscribes the nature and objectives of an action to enforce a trust under article 3-A of the Lien Law. The statute defines the trust *res* to include not only funds actually received by the contractor, but also "any right of action for any such funds due or earned or to become due or earned" (Lien Law, § 70, subd 1). In an article 3-A enforcement action, the representative of the beneficiaries of the trust is expected to pursue any right of action constituting a trust asset (Lien Law, § 77, subd 3, par [a], cl [ii]). Moreover, plaintiff's complaint does not allege that the $118,000 paid by the hospital to Baranello has been diverted or commingled in violation of article 3-A. Thus, the main objective of the instant action is to fix the sums due the beneficiaries of the trust, plaintiff included, and to direct the appropriate distribution of the trust *res* to those entitled thereto (Lien Law, § 77, subd 3, par [a], cls [iii], [vi]). The record establishes here, however, that any such final disposition of the claims of subcontractors, materialmen, etc., and particularly plaintiff, is dependent upon the outcome of the pending arbitration between the hospital and the general contractor. Specifically as to plaintiff, by its subcontract it agreed to be bound, with respect to any controverted claim, by the results of negotiation or litigation between the hospital and Baranello. Other potential beneficiaries of the trust are similarly bound. Article 3-A of the Lien Law was not intended to enlarge the rights of beneficiaries beyond those of lienors under articles 2 and 3 (*First Fed. Sav. & Loan Assn. of Rochester v Burdett Ave. Props.,* 41 AD2d 356, 359-360, app dsmd 33 NY2d 765; *Hall v Blumberg,* 26 AD2d 64, 67). The rights of lienors are derivative of those of the general contractor and are restricted to satisfaction out of the amount established to be due and owing from the owner to the general contractor (Lien Law, § 4; *Central Val. Concrete Corp. v Montgomery Ward & Co.,* 34 AD2d 860, 861; 37 NY Jur, Mechanic's Liens, §§ 17, 18). This is

precisely the issue which must await determination in the arbitration proceeding. The hospital's demand for arbitration does not set forth any specific amount as its damages for plaintiff's and Baranello's nine-month delay in completion of the project. However, the hospital asserted the same claim in its answer and counterclaim in plaintiff's lien foreclosure action, and therein alleged liquidated damages of more than $1,000 a day for delay in completion, together with consequential damages of at least $750,000. Thus, a distinct possibility exists that an arbitration award in favor of the hospital could result in not only the extinguishment of Baranello's unpaid contract claims against the hospital but an invasion of sums already paid as well. Therefore, since the right of plaintiff and other beneficiaries to recover in the instant action hinges upon resolution of the central issues in the arbitration proceeding, Special Term properly exercised its discretion in granting the stay (*Mid-Atlantic Constr. Corp. v Guido,* 30 AD2d 232, 238). However, in order to insure that there has been no diversion of trust assets heretofore received, Baranello should be required to make an interim accounting of the amount, location and disposition, if any, of payments received from the hospital (Lien Law, § 77, subd 3, par [a], cl [i]), and Special Term's order will to that extent be modified. Order modified, on the law and the facts, by adding thereto a provision requiring defendant J. Baranello & Sons to make an interim accounting in accordance herewith, within 20 days of service of the order to be entered hereon, and, as so modified, affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.