SCAC TRANSPORT (USA) INC. and United Nations Development Programme Office for Projects Execution, Plaintiffs,

v.

S.S. "DANAOS", her engines, boilers, etc.,

v.

BIG LIFT USA, INC., Big Lift Shipping Company (N.A.) Inc. d/b/a Big Lift and Danais Shipping Company, Defendants.

DANAIS SHIPPING COMPANY, Third Party Plaintiff,

v.

UNIVERSAL MARITIME SERVICE CORP., Third Party Defendant.

No. 78 Civ. 6176(JFK).

United States District Court, S.D. New York.

Jan. 20, 1984.

Burlingham, Underwood & Lord, New York City, for defendants; Terry L. Stoltz and Laura V. Becker-Lewke, New York City, of counsel.

Walker & Corsa, New York City, for third party plaintiff; Leroy S. Corsa, Geoffrey W. Gill, of counsel.

Grainger & Tesoriero, New York City, for third party defendant; Celestino Tesoriero and William E. Bell, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

### FACTS

On December 23, 1977, during the loading of the vessel S.S. Danaos at Port Newark, New Jersey, a truck and the lift on which it was suspended were damaged when a pin in a winch block failed, causing the truck to fall from the lift. The owners of the truck, SCAC Transport (USA), Inc. and the United Nations Development Programme Office for Projects Execution, brought suit for damages to the truck against the vessel, the charterers of the vessel, Big Lift USA, Inc. and Big Lift Shipping (N.A.) Inc. and the owner of the vessel, Danais Shipping Company. Danais cross-claimed against the Big Lift defendants for the costs of repairing the damaged lift, the charter payments it lost while repairs were being made and any amounts for damages to the cargo for which it might be held liable. It also brought a third party claim against Universal Maritime Service Corp., the stevedoring company hired by the Big Lift defendants to load

the vessel. The Big Lift defendants cross-claimed against Universal for indemnification of any amounts they might be required to pay on account of Universal's negligence. Universal filed a counterclaim against Danais claiming that any damages incurred were the result of Danais' negligence and/or breach of contract and warranty in failing to provide a seaworthy vessel.

The claim for damages to the truck was settled by the owners of the truck and Danais. Pursuant to an arbitration clause in the charter agreement between Danais and the Big Lift defendants, Danais' claims against the Big Lift defendants for the settlement amount, lost charter payments and damages to the lift were submitted to arbitration in London. The action before this court was stayed pending the determination of that proceeding. The Big Lift defendants notified Universal that the claims brought against them by Danais had been submitted to arbitration and demanded that Universal appear, defend and indemnify them if found liable in the arbitration. Universal acknowledged receipt of the notification and demand but refused to participate in the London arbitration.

The arbitrators ruled in favor of Danais, finding that the accident was the result of the stevedores' negligence, and not the fault of the vessel's equipment. Holding the charterers liable for their stevedore's negligence, the arbitrators awarded damages to Danais, which the Big Lift defendants paid. Universal was given an opportunity to take part in the appeal of the award but refused. The Big Lift defendants then discontinued their appeal.

Two summary judgment motions are now before this court. The first motion is brought by Danais and seeks summary dismissal of Universal's counterclaim against it. The second motion is brought by the Big Lift defendants and seeks summary indemnification from Universal for the amounts they were obligated to pay Danais pursuant to the arbitration award. Both movants argue that the arbitrators' findings are dispositive of the factual issues

raised in the remaining claims in this action.

## DANAIS' MOTION

Danais raises two arguments to support its motion. It first argues that it is not liable to Universal for breach of contract or warranty because it did not have a contractual relationship with Universal. Danais contends that its contractual obligations run to the charterers, and absent contractual privity, Danais argues, Universal cannot succeed on its contract and warranty claims.

As for the claim raised by Universal that Danais' negligence caused the accident, Danais contends that the arbitrators considered that issue and found that the accident was not attributable to Danais' negligence. Although Universal did not participate in the arbitration, Danais argues that Universal should be precluded from litigating the issues determined by the arbitrators because it was vouched in to the arbitration proceeding. The contention is that the issues raised by the counterclaim and in the arbitration are identical and the Big Lift defendants, liable for their stevedores' negligence, contested the issue of Universal's fault as vigorously as Universal would have contested it.

■ Identity of issues alone is not a sufficient basis for allowing a plaintiff and defendant in a prior proceeding to impose a result upon a third party in a subsequent proceeding. *See Ufheil Construction Company v. New Windsor*, 478 F.Supp. 766, 769–70 (S.D.N.Y.1979), *affirmed*, 636 F.2d 1204 (2d Cir.1980). A full and fair opportunity to contest the issue is also required. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). Assuming that the issues involved are identical, this court must determine whether Universal had a full and fair opportunity to contest them. Danais contends that Universal had such an opportunity and failed to take advantage of it when, after receiving the vouching in notice, it failed to participate in the arbitration.

■ The common law practice of voucher was devised before the rules of procedure provided for impleading a third party into an action. Although vouching has been replaced in most circumstances by the more modern devices of impleader and interpleader, the procedure continues to be valid in situations when those mechanisms for joining a non-party are not available, such as when personal jurisdiction cannot be obtained over a non-party that is primarily liable. 1B Moore, *Federal Practice Digest*, 0.405[9]. *But see* Seigel, *New York Practice* § 168 ("vouching in's jurisdictional support should be no less than that which supports outright impleading"). The vouched in party is bound by the results of the litigation as to all issues that were determined, regardless of whether it appeared and defended in that litigation, because the legal relationship between the vouched and vouching in party is such that the vouched in party is primarily liable for any negligence with which the vouching party is charged. *West Indian Company v. S.S. Empress*, 277 F.Supp. 1, 2–3 (S.D.N.Y.1967). It is up to this court to determine the effect that the vouching in notice served in the London arbitration will have in this action, if any.

■ This court is reluctant to bind Universal to the findings of the London arbitrators. Although given an opportunity to join in that proceeding, Universal did not participate in it. One consideration in determining whether a party should be estopped from litigating an issue determined in a prior action is whether the subsequent action affords the party to be estopped procedural opportunities unavailable in the first action that could readily cause a different result. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 323, 331–32, 99 S.Ct. 645, 647, 651–52, 58 L.Ed.2d 552 (1979). Arbitration permits a relatively prompt and inexpensive resolution of contractual disputes by avoiding time-consuming court procedures and is subject to limited review. *See Sperry International Trade, Inc. v. Israel*, 532 F.Supp. 901, 905 (S.D.N.Y.1982), *affirmed*, 689 F.2d 301 (2d Cir.1982). Parties are bound by the results of these proceedings because they have agreed to resolve their disputes in an arbitral, rather than judicial, forum. *See United States Steel Workers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *Coudert v. Paine Webber*, 705 F.2d 78, 81 (2d Cir.1983). By consenting to arbitration a party relinquishes certain rights and safeguards provided by the judicial system. *See Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 975 (2d Cir.1974). If a party does not consent to arbitration, however, it retains these rights and should not be bound by an arbitration award.

In this case, Universal did not consent to the resolution of its disputes by arbitrators in London. All of the cases cited by the movants to support the validity of voucher in arbitration proceedings involved third parties that in some manner had consented to be bound by arbitration of the dispute in question. *See John W. Cowper Co. v. Hires-Turner Glass Co.*, 51 N.Y.S.2d 937, 434 N.Y.S.2d 987, 988, 415 N.E.2d 975, 976 (1980) (court interpreted the third party's contract as an agreement to be bound by the results of arbitration between parties to an arbitration agreement if it was vouched in to that proceeding); *C.B. Strain & Son v. J. Baranello & Sons*, 90 A.D.2d 924, 457 N.Y.S.2d 925, 927 (3d Dept. 1982) (court viewed third party's subcontract as an agreement to be bound by the results of the negotiations or litigation of the parties to an arbitration agreement); *see also Fidelity & Deposit Co. v. Parsons & Whittemore Contract Corp.*, 48 N.Y.2d 127, 421 N.Y.S.2d 869, 870, 397 N.E.2d 380, 381 (1979) (third party contract incorporated contract between parties to an arbitration agreement); *In re Perkins & Will Partnership*, 50 A.D.2d 226, 376 N.Y.S.2d 533, 537 (1st Dept.1975) (third party contract provided for vouching in to arbitration), *affirmed*, 41 N.Y. 1045, 396 N.Y.S.2d 167, 364 N.E.2d 832 (1977).

In *Marshall v. Coach House Restaurant*, 457 F.Supp. 946, 949 n. 8 (S.D.N.Y. 1978), Judge Haight noted that if a third

party had been vouched in to and participated in an arbitration proceeding a compelling argument could be made that collateral estoppel would prevent the third party from raising the issues that were determined by the arbitrators in subsequent litigation. Universal did not participate in the arbitration in this case, however.

 A former employee of Universal did testify before the arbitrators, but no contention has been made that he was acting as Universal's agent or representing its interests. Even if the former employee had testified on Universal's behalf, Universal would not have participated in the arbitration in a manner sufficient to justify the use of collateral estoppel against it. Participation as a witness is not a full and fair opportunity to contest the issues raised so as to permit the use of collateral estoppel against the witness in subsequent litigation. *See Ufheil Construction Co. v. New Windsor,* 478 F.Supp. 766, 769 (S.D.N.Y. 1979), *affirmed,* 636 F.2d 1204 (2d Cir. 1980).

Absent participation or consent to be bound by the results of arbitration, Universal should not be estopped from litigating the factual issues raised in its counterclaim. Despite the federal policy favoring arbitration and the judicial economies that would be achieved by granting this motion, Universal should not be deprived of the judicial forum in which its counterclaim was originally brought. The Danais motion is denied.

## THE BIG LIFT DEFENDANTS' MOTION

The Big Lift defendants argue that the arbitrators' finding that Universal's negligence caused the accident resolves the issue raised by their indemnification claim of whether Universal breached its implied warranty of workmanlike performance to the Big Lift defendants. They rely on the same arguments raised by Danais in its motion to support the contention that no factual issues remain to be resolved in the indemnification claim. For the reasons stated in the above denial of Danais' motion, this court refrains from binding Universal to the arbitrators' findings and, thus, denies the Big Lift defendants' summary judgment motion.

The court is aware that the Big Lift defendants are being exposed to the risk of inconsistent results. This is a risk that they assumed, however, when they entered into an agreement with Danais to arbitrate disputes relating to their stevedore's negligence without incorporating that agreement into their contract with Universal.

SO ORDERED.