■ JACQUELINE LARROCA et al., Respondents, v ROYAL ASSOCIATES, L. L. C., Defendant, and FLORAL ASSOCIATES et al., Appellants. [735 NYS2d 191] —In an action to recover damages for personal injuries, etc., the defendants Floral Associates, Vision Enterprises, Leonard Zangas, and Peter Mesos appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 21, 2001, as denied that branch of the defendants' motion which was to dismiss the plaintiffs' first and second causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants contend that the complaint should be dismissed insofar as asserted against them because the infant plaintiff's injuries are not alleged to have occurred until after the dissolution of the appellant partnerships, Floral Associates and Vision Enterprises (hereinafter collectively the partnerships), in 1995 and 1997, respectively. However, the plaintiffs properly alleged that the lead poisoning injuries at issue here first occurred in 1993 when the infant plaintiff began living in the apartment building then owned and managed by the partnerships, at which time he was allegedly exposed to lead in the form of peeling paint and paint chips. Thus, the infant plaintiff's alleged injury and any concomitant liability of the partnerships arose prior to their dissolutions (see, MRI

*Broadway Rental v United States Min. Prod. Co.,* 92 NY2d 421; *Snyder v Town Insulation,* 81 NY2d 429; *Guzman v 560 Realty Co.,* 273 AD2d 25).

Furthermore, the partnerships continued their limited existence subsequent to their respective dissolutions to wind up their affairs. Those affairs include any possible liability to the plaintiffs. Service of the summons and complaint on the partnerships by way of personally serving their individual partners was effective and proper (*see,* Partnership Law §§ 61, 67; CPLR 308 [2]; 310; *Matter of Garfinkel, Marenberg & Assocs. v Perkins & Will Partnership,* 50 AD2d 226, *affd* 41 NY2d 1045; *see also, Matter of Filippazzo v Garden State Brickface Co.,* 120 AD2d 663).

The parties' remaining contentions are either without merit, improperly raised for the first time on appeal, or need not be reached in light of this determination. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.