James J. Crisona, J.
Bespondent moves to confirm the report of the Honorable Samuel S. Tripp, Special Beferee, and for an order denying petitioner’s application to stay arbitration.
Petitioner sought to stay arbitration upon the grounds that the agreement containing the arbitration clause was null and void and that arbitration was not properly initiated. The question of whether petitioner was properly served with a notice of intention to arbitrate was referred to the Special Beferee to hear and report.
On August 17, 1967, a notice of intention to arbitrate was served upon the petitioner by certified mail, return receipt requested. This notice contained the “ 10-day notice ” required by OPLB 7503 (subd. [c]). In seeking to stay arbitration, petitioner claimed, inter alia, that the returned receipt did not bear his signature.
*730 In Ms thoughtful and extensive report, Special Referee Tbipp examined fully the question of whether OPLR 7503 (subd. [c]), which permits a notice of intention to arbitrate to be served by registered or certified mail, return receipt requested, requires that the return receipt be signed by the actual person ,to whom the mail is addressed. Since this is a question of general interest to those members of the Bar practicing in the arbitration field, the court is of the opinion that it would be of value to quote portions of Special Referee Tbipp’s report directly. The Special Referee reported that:
‘1 The purpose of a registered or certified mail provision in a statute is to give notice calculated to reach the addressee that he may have an opportunity to be heard. All that these traditional elements of fair procedure require is that ‘ within the limits of practicability notice must be such as is reasonably calculated to reach intended parties ’. (Mullene v. Central Hanover Trust Co., 339, U. S. 306, 318.) There is validity of service ‘ if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice ’. (Wuchter v. Pizzutti, 276 U. S. 13, 24.) Service of process under nonresident motorist statutes requiring the filing of a return receipt has been held valid in New York even if the receipt were signed by a person other than the addressee when the person receiving the delivery of the registered letter and signing the return receipt therefor was authorized to do so on the addressee’s behalf. (Shushereba v. Ames, 255 N. Y. 490, which cited Gesell v. Wells, 229 App. Div. 11, affd. 254 N. Y. 604, which, in turn, cited O’Tier v. Sell, 226 App. Div. 434, revd. on other grounds 252 N. Y. 400.)
“ The foregoing applies with equal force to the provisions of OPLR 7503 (subd. [c]) which permit a notice of intention to arbitrate or an application to stay arbitration to be served ‘ by registered or certified mail. ’ as an alternative for the service thereof ‘ in the same manner as a summons.’ (OPLR 304 ; 403, subd. [c].)
“ OPLR 7503 (subd. [c]) prescribes the contents of a notice of intention to arbitrate. According to the Sixth Report to the Legislature by the Senate Finance Committee relative to the revision of the Civil Practice Act (N. Y. Legis. Doc., 1962, No. 8, p. 650), part of this statute is a ‘slightly modified ’ counterpart of subdivision 2 of section 1458 of the Civil Practice Act. The committee noted that the tentative draft of this section as proposed in section 17.3 discussed in the Fourth Preliminary Report of the Advisory Committee (N. Y. Legis. *731 Doc., 1960, No. 20) was amended so as to permit the ‘ service of both the notice of intention to arbitrate and the notice of application for a stay by registered or certified mail, return receipt requested, on the suggestion of a number of bar associations that this conforms with actual present practice. ’ In incorporating this amendment in CPLR 7503 (subd. [c]), without providing that the registered or certified mail shall be literally delivered into the hands of the addressee and that the return receipt shall bear his personal signature, the Legislature must be deemed to have been aware of the rules or customs of the Post Office Department embodied in its official form of return receipt.
“ Such return receipt contains printed instructions to the delivering employee to ‘ Deliver only to addressee ’ and to ‘ Show address where delivered ’, for which additional charges are required. Below these instructions are blank spaces for the ‘ signature or name oe addressee ’ and the ‘ signature of addressee’s agent, if any ’. Below are spaces for the insertion of ‘ date delivered ’ and ‘ where delivered- ’, the latter ‘ only if requested ’. The return receipt here involved, contains no request for delivery ‘ only to addressee ’ nor to ‘ show address where delivered.’ The signature in pencil- — ‘ V. Walker ’ — appears as the addressee’s agent but the space above it, beneath the printed words 1 signature or name of addressee (must always be filled in) ’, was left blank. The only other writing is ‘ 8/17 ’ beneath the printed words ‘ date delivered ’.
‘ ‘ In connection with the nonresident motorist statute involved in Shushereba v. Ames (supra, pp. 493-494) the Court of Appeals observed: ‘ It [the statute] does not expressly or by fair implication require that the “ defendant’s return receipt ” shall be signed personally by the defendant. The requirement is fully complied with by filing a “ return receipt” given in accordance with the rules or customs of the Post-Office Department by the defendant or by some other person authorized to receive registered mail addressed to the defendant. The Legislature cannot have intended that the “ defendant’s return receipt ” should have any narrower or different meaning. It provides for transmission of notice by registered mail — a method which, with almost absolute certainty, insures delivery to the place of address, and the return receipt of the addressee made out in accordance with the forms provided by the Post-Office Department affords, at least, reasonable certainty that the notice has been delivered to the proper person. The receipt is no less the defendant’s receipt if signed by the defendant’s agent than if signed by himself. ’ ”
*732 Referee Tripp then found that the letter containing the notice was delivered by the United States Post Office Department to the home of the petitioner on August 17, 1967, and that on that date the petitioner’s mother signed the receipt in his absence and thereafter delivered it to the petitioner. The Referee recommended that the court find that the notice of intention to arbitrate was properly served upon the petitioner on August 17, 1967, in accordance with the provisions of CPLR 7500 (subd. [c]).
The motion to confirm the report is granted and the Special Referee’s findings and recommendations are adopted by the court.
Petitioner contends, nevertheless, that even if he was properly served with the notice of intention to arbitrate, that arbitration should be stayed on various other grounds. There is no merit to this contention. Inasmuch as the petitioner failed to apply to stay arbitration within 10 days after the service of the notice of intention to arbitrate, which notice complied fully with CPLR 7503 (suhd. [e]), the petitioner is precluded from objecting that a valid agreement was not made or has not been complied with. Petitioner’s vague speculation that there may have been some stipulation between the attorneys for the parties extending the time to object to the validity of the agreement is not supported by any facts nor even a clear statement that there was such a stipulation. The application to stay arbitration is denied. The parties are directed to proceed to arbitration forthwith.