James H. Boomer, J.
This proceeding to stay arbitration was not timely commenced after the service of the demands for arbitration; therefore, the petitioner is precluded in this proceeding from raising the question as to whether the vehicle involved in the accident was uninsured (Matter of Allstate Ins. Co. v. Ness, 32 A D 2d 912; Cosmopolitan Mut. Ins. Co. v. Moliere, 31 A D 2d 924).
Petitioner claims there are certain defects in the form and manner of service of the demands for arbitration which render them improper and defective, but I hold otherwise.
The demands were served by registered mail as required, and the fact that all three were served in the same envelope does not render service invalid. There is no requirement that each demand be served separately.
The fact that the demands were addressed to Chubb and Son, Ins. instead of Chubb & Son, Inc. may be disregarded since the misnomer is “of such an insubstantial nature that the party misnamed or misdescribed was fairly apprised of the fact that he or it was intended to be affected by the proceedings.” (3 Carmody-Wait, 2d New York Practice, § 19:11; Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 270.)
The lack of dates on the demands is immaterial since there is no requirement that they be dated.
The demands gave the effective date of the policy as a date in the year following the date of the accident. The petition does not deny that a valid policy exists for the previous year and that the policy referred to in the demands to arbitrate was a renewal of the one in effect at the time of the accident. The insurance company could not have been misled by this and I deem this error to be so insubstantial that it may be ignored.
The petition in this proceeding to stay arbitration is dismissed.