William R. Roy, J.
This is a motion by the defendant, Mustang Pools, Inc., for an order granting summary judgment against the plaintiffs.
This action was commenced by the plaintiffs against the defendant for a declaratory judgment seeking an order declaring that the plaintiffs have the right to cancel a certain contract they entered into with the defendant and further seeking an order restraining the defendant from taking further action to enforce the defendant’s contractual rights under the contract, if any.
The facts which give rise to this lawsuit are briefly as follows:
On September 5, 1974, the plaintiffs and the defendant entered into an agreement for the construction of a 17 by 35 in-ground pool at the residence of plaintiffs. The contract provided for a cash price of $5,500. By the terms of the contract, the plaintiffs were credited with a $50 down payment, leaving a balance of $5,450. The contract also provided that a payment was due November 1 in the amount of $1,800, leaving a balance of $3,650. The contract further provided that the sum of $3,000 would be paid upon delivery of the pool equipment; another $350 would be paid when the construction was half-completed and, finally, the balance of $300 was due on completion. The installation was to begin, as near as the court is able to determine, in the spring of 1975.
After the execution of the contract, the plaintiffs had second thoughts about the construction of this pool and sought to be relieved of whatever liability they might have under the contract. Sometime after the 23rd of April, 1975, the plaintiffs commenced this action against the defendant, alleging in substance that the defendant failed and neglected to furnish plaintiffs with a statement of their right to cancel the contract within three days, allegedly as required by article 10-A of the Personal Property Law and Regulation Z of the Federal *30 Consumer Credit Code (12 CFR Part 226). Plaintiffs claim that because of the failure of the contract to provide for the right of cancellation, they have the right to rescind the contract absolutely.
The complaint alleges another ground for cancellation of the contract — that being the impossibility of performance since the construction of the pool at the residence of the plaintiffs would violate the zoning rules and regulations of the town in which plaintiffs reside.
The issue presented on this motion is whether the contract between the plaintiffs and the defendant was required to contain a three-day notice of cancellation provision.
Article 10-A of the Personal Property Law of the State of New York attempts to deal with the problems created by the so-called "door-to-door” sales. This article of the Personal Property Law states as its purpose: "to afford consumers, subjected to high pressure door-to-door sales tactics, a 'cooling-ofF period.” That article defines a consumer transaction as a transaction wherein the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes.
There is no question that this agreement entered into between the parties for the construction of a pool at the residence of plaintiffs falls within the meaning of the definition as set forth in section 426.
Article 10-A (§ 426, subd 2) of the Personal Property Law defines a home solicitation sale as a consumer transaction in which payment of the purchase price is deferred over time, and the seller or a person acting for him, is a person doing business who engages in a personal solicitation of the sale. The buyer’s agreement or purchase offer is made at a place other than the place of business of the seller or a person acting for him.
The contract was executed at the residence of the plaintiffs and it meets one part of the definition of a home solicitation sale. However, the fact that the payments were not required to be made over a period of time, notwithstanding that payments were to be made at certain scheduled times prior to completion of the installation of the pool, does not bring the transaction within article 10-A of the Personal Property Law. The contract, under a fair interpretation of all its terms, was a cash transaction upon completion and was not a "time payment plan” embracing the payment for the construction of *31 the pool after its completion. Thus, the transaction, viewed as a whole, is a cash transaction, payable on completion and does not come within the definition of a home solicitation sale as set forth in article 10-A of the Personal Property Law.
Plaintiffs contend, in the alternative, that the transaction is governed by Regulation Z pursuant to the Federal Truth in Lending Act. The plaintiffs, relying on Regulation Z, claim that the fact that payments were required in more than four installments brings the transaction within the purview of Regulation Z, requiring a three-day cooling-off period which was, concededly, not contained in the contract in dispute. Subdivision (a) of section 1635 of title 15 of the United States Code provides, as it applies to this dispute: "[I]n the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight the third business day following the consummation of the transaction or the delivery of the disclosures required under this part, whichever is later”.
Subdivision (k) of section 226.2 of Regulation Z provides: " 'Consumer credit’ means credit offered or extended to a natural person * * * for which either a finance charge is or may be imposed or which pursuant to an agreement, is or may be payable in more than four installments.”
It appears therefore that the key to bringing this transaction within the purview of Regulation Z is the offering or extending of credit for which either a finance charge is or may be imposed or which pursuant to an agreement is or may be payable in more than four installments.
In Young v Tri-City Remodeling Enterprises (71 Misc 2d 109), the court, relying on Mourning v Family Pub. Serv. (449 F2d 235) stated (p 110): "The presence of a finance charge is * * * an essential element required for a transaction to fall within the scope of the act.”
The court was relying on the determination in Mourning v Family Pub. Serv. (supra), that the Federal Reserve Board exceeded its statutory authority in enacting the four-installment rule. The Mourning case was appealed to the Supreme Court and was decided April 24, 1973. (See Mourning v Family Pub. Serv., 411 US 356.)
The Supreme Court in reversing the United States Court of Appeals for the Fifth Circuit found, among other things, that *32 the four-installment rule of Regulation Z was a valid exercise of the Federal Reserve Board’s rule-making authority. This determination was subsequent to the decision in Young v TriCity Remodeling Enterprises (supra).
The question thus presented as a result of the reversal of the Fifth Circuit in the Mourning case, is whether this transaction falls within the four-installment rule of subdivision (k) of section 226.2 of Regulation Z. As pointed out earlier in this decision, the purchase price of the contract included a down payment of $50. The balance of the contract was to be made during progress of the installation of the pool by four installments.
If you included the down payment, the contract in question would be clearly within the ambit of subdivision (k) of section 226.2 of Regulation Z, thus requiring the three-day notice of cancellation in the contract in question.
The court has examined the Truth in Lending Manual Supplement, Appendix E, submitted by the attorneys for the defendant. Advisory Letter No. 695, dated July 6, 1973, states that the staffs view is that- in computing the number of installments, any down payment is not considered to be an installment for purposes of subdivision (k) of section 226.2 of Regulation Z.
In view of this, and since the contract calls for only four installment payments, exclusive of the down payment, the contract does not come within the notice of cancellation requirements of Regulation Z.
However, the plaintiffs are not without hope to extricate themselves from what they feel to be a difficult situation.
On October 18, 1972, the Federal Trade Commission promulgated a trade regulation rule (16 CFR Part 429) concerning a cooling-off period for door-to-door sales. The rule became effective June 7, 1974, prior to the execution of the instant contract.
The rule (16 CFR 429.1[a]) provides, in part, that in connection with any door-to-door sale, it constitutes an unfair and deceptive act or practice for any seller to fail to furnish the buyer with a fully completed copy of the contract, and which contains a statement in substantially the following form: "You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of *33 this transaction. See the attached notice of cancellation form for an explanation of this right.”
The rule also defines a door-to-door sale as a sale, lease, or rental of consumer goods or services with a purchase price of $25 or more, whether under single or multiple contracts, in which the seller or his representative personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer’s agreement or offer to purchase is made at a place other than the place of business of the seller.
Clearly, the transaction with which we are concerned falls within the definition of the door-to-door sale as set forth in the Federal Trade Commission regulation rule effective June 7, 1974.
As pointed out earlier in this decision, the contract contained no notice of cancellation provision. The contract, although it did not fall within the purview of article 10-A of the Personal Property Law of New York or Regulation Z, does fall within the purview of the Federal Trade Commission rule.
Accordingly, since the contract failed to contain the required notice concerning the right to cancel the transaction, and in view of the fact that it did not contain the necessary notice of cancellation as required by the above referred to trade regulation rule, the court hereby declares that the contract entered into between the plaintiffs and the defendant is in violation of that regulation and is therefore subject to cancellation by plaintiffs.
Although the plaintiffs did not cross-move for summary judgment, the court is empowered by CPLR 3212 (subd [b]) to grant summary judgment to any party, if it shall appear that any party other than the moving party is entitled to summary judgment, without the necessity of a cross motion.
Accordingly, the court grants summary judgment to the plaintiffs.