■ FASHION ENVELOPES, INC., Respondent, v SAMUEL MINSKY, Respondent, and MICHAEL LOSQUADRO, Respondent-Appellant. SAMUEL MINSKY, Respondent, v MICHAEL LOSQUADRO, Appellant.—Upon the court's own motion, the order of this court entered on November 13, 1979 [72 AD2d 698] is resettled, the memorandum decision filed therewith recalled and a new memorandum substituted therefor as follows: Judgment, Supreme Court, New York County, entered on or about September 5, 1978, granting petitioner Fashion Envelopes, Inc.'s, application to vacate an arbitration award, unanimously reversed, on the law, with costs and disbursements, and the application to vacate denied. Order, Supreme Court, New York County, entered July 7, 1978, which denied as moot a motion by petitioner Samuel Minsky to modify the arbitration award, unanimously modified, on the law and the facts, with costs and disbursements, to the extent of denying the motion on the merits. Fashion Envelopes, Inc., Samuel Minsky, the president and sole shareholder of Fashion, and Michael Losquadro entered into an agreement, dated December 24, 1968, whereby Losquadro became an employee of Fashion and received 50% of the stock. The agreement also provided that Losquadro's salary could not be more than $50 a week below Minsky's. Arbitration was mandated "in the event of any dispute between the parties." On July 7, 1977, Losquadro served Minsky with a demand for arbitration of four disputes: arbitrary actions in acting as if he were the *sole* shareholder of corporation, dissipation of corporate assets, refusal of access to corporate books, and threats of discharge for protests. Fashion was not expressly named on the arbitration demand. Nine months later, on April 7, 1978, 12 days before the arbitration hearing, Losquadro was discharged. Minsky objected to consideration by the arbitrator of Losquadro's discharge on the ground of lack of notice, but the arbitrator deemed discharge to be an item subsumed within the arbitration demand under the specification as to threats to discharge. Minsky also contended that reinstatement could not be a subject of the arbitration because the corporation had not been served with a demand. No formal ruling on this issue was elicited from the arbitrator. After the hearing the arbitrator ordered, *inter alia,* that Losquadro be reinstated with compensation retroactive to the date he was last paid, that Minsky and Losquadro repay all sums borrowed from the corporation and all nonbusiness expenses for which they were reimbursed by the corporation, and that Minsky repay all wages paid to him in excess of $50 per week over Losquadro's salary. Minsky moved to modify the award and sought to strike three provisions upon the ground that the arbitrator exceeded his power and awarded on matters not submitted to him. Subsequently, the corporation moved to vacate the entire award because it had

not been given notice of the pending arbitration. Special Term vacated the award because the corporation had no notice, and directed a new arbitration. It also dismissed as moot Minsky's motion to modify. Both motions should have been denied. Although the corporation was not formally served it is clear that it had notice of Losquadro's intent to arbitrate since Minsky, who with Losquadro owned all of the corporate stock and was, in effect the corporation, had received a formal notice and participated in the arbitration. "As all stockholders, directors and officers of the corporation are parties to this action, it cannot be said that the corporation [was] unaware of the pendency of the action." *(Chalmers v Eaton Corp.,* 71 AD2d 721, 722.) Minsky, as well as owning 50% of the stock, was the president of the corporation. The inclusion of the corporate name in the demand for arbitration would not have changed the composition of the arbitration since the corporate actions complained of, such as the threat to discharge Losquadro, were taken by Minsky. Indeed, Minsky called as witnesses employees of the corporation to defend his discharge of Losquadro on the basis of improper conduct. Even if we were to find that the corporation did not, *de facto,* participate in the arbitration through the person of Minsky, it was not prejudiced to the extent necessary to vacate the award. (See CPLR 7511, subds [b], [c].) Aside from the obvious benefits accruing to the corporation from those portions of the award which directed repayment of certain funds by Minsky and Losquadro to the corporation, we fail to see how the corporation could be injured by the arbitrator's enforcement of an agreement between two parties whose coequal and collective interests thereunder are identical to the totality of the corporation's interests. Finally, we do not believe that petitioner Minsky was deprived of any contractual rights when the arbitration considered the issue of discharge after the notice of intent to arbitrate had raised as an issue only Minsky's threats to discharge Losquadro. That Minsky was given notice to defend his threats would indicate that he should be prepared to defend any actions taken upon those threats. Resettled order signed and filed. Concur—Kupferman, J. P., Birns, Sullivan and Lane, JJ.