OPINION OF THE COURT
Sam Eisenberg, J.
This action was commenced against a defendant named as “Freedom Foods”. Following the service of the summons with an indorsed complaint, the plaintiff served an amended summons and indorsed complaint designating the defendant as “Freedom Foods of New York, Inc.”
The plaintiff now moves for summary judgment against the defendant “Freedom Foods of New York, Inc.”, and the defendant moves to deny and dismiss the motion on the grounds that the amendment changing the name of the defendant was improper. In support of his position, the defendant asserts that there is on file a certificate of doing business as “Freedom Foods” as separate from “Freedom Foods of New York, Inc.” The plaintiff responds, to the effect that the courts have frequently permitted the amendment of a summons so as to correct the name of the defendant and it cites as its authority, among other cases, the case of Luce v Pierce Muffler Shops (51 Misc 2d 256).
It is true that in an appropriate case a summons may be amended to correct the name of a party. Such correction may be made under the authority of CPLR 2001. That section of the law contemplates a motion to the court requesting such amendment. However, the plaintiff did not proceed by motion to the court but instead amended its
*116 summons as “of course” relying upon CPLR 3025 (subd [a]). That rule permits the amendment of pleadings without leave within 20 days, but, the summons is not a pleading. Pleadings are described in CPLR 3011 and they include complaints, answers, counterclaims, cross claims and interpleaders. A summons is not a pleading and may not be amended without leave of the court. An amendment to correct the name must proceed by application to the court under CPLR 2001. This motion must, therefore, be denied. “Freedom Foods of New York, Inc.” is not the defendant before this court at this time.