■ In the Matter of JAMES C. FILIPPAZZO et al., Appellants, v GARDEN STATE BRICKFACE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from an order of the Supreme Court, Kings County (Aronin, J.), dated May 15, 1985,

which denied their application and granted the respondent's cross motion to compel arbitration.

Order reversed, with costs, and case remitted to the Supreme Court, Kings County, for a hearing and determination as to whether the arbitration agreement is unenforceable under CPLR 4544.

The petitioners entered into a written contract whereby the respondent was to "brickface" their home. The agreement was signed by both petitioners. A dispute arose as to payment and performance, and the respondent served, by certified mail, return receipt requested, a demand for arbitration. The demand was delivered in an envelope addressed to "M/M James C. Filippazzo". The demand was a form by the American Arbitration Association and was addressed to "Mr. & Mrs. James C. Filippazo". Only Mr. Filippazzo signed the certified mail receipt.

In January 1985, the petitioners moved to stay arbitration alleging, *inter alia,* that service was not effective on Mrs. Filippazzo and that the arbitration provisions of the contract were unenforceable because they were printed in small type. Special Term denied the application and granted the respondent's cross motion to compel arbitration, basing its decision on the issue of untimely service of the notice to stay arbitration.

Special Term was correct in determining that service upon Mrs. Filippazzo was effective.

Although there are cases holding that a husband is not an agent with regard to service on his wife *(see, Paul v Weiss,* 48 Misc 2d 683; *City of New York v Chemical Bank,* 122 Misc 2d 104), here, the appellants had identical interests as parties to the litigation and the letter was actually received at Mrs. Filippazzo's residence. Therefore, service upon Mrs. Filippazzo was effective under the circumstances *(see, Matter of Walker [Walker],* 58 Misc 2d 729 [service of notice to arbitrate by certified mail upon petitioner's mother at petitioner's address deemed sufficient]; *Chubb & Son v Altson,* 77 Misc 2d 490 [service of three demands for arbitration in one envelope did not render service invalid]; *Matter of Perkins & Will Partnership [Syska & Hennessy],* 50 AD2d 226 [service upon a member of dissolved partnership of notice of arbitration deemed proper upon all partners]; *Fashion Envelopes v Minsky,* 72 AD2d 698 [service of notice of arbitration upon owner of 50% of stock of close corporation deemed proper service upon corporation]).

However, the demand for arbitration does not contain a

notice that the party served must move for a stay of arbitration within 20 days, as required by CPLR 7503 (c). Therefore, the petitioners cannot be precluded from seeking a stay based solely upon their failure to do so within 20 days *(see, Matter of Liberty Mut. Ins. Co. v Keane,* 28 AD2d 703; *Matter of Dunay v Weisglass,* 78 AD2d 444). Failure to comply with the explicit provisions of CPLR 7503 (c) by omitting the 20-day preclusion language permits a motion for a stay at any time prior to arbitration *(Matter of Government Employees Ins. Co. v Kozlowski,* 62 AD2d 1056).

With respect to the petitioners' argument that the agreement to arbitrate is unenforceable because it is set forth in "small print", while it does not appear that the print is unusually small, neither party has offered any evidence on this issue.

CPLR 4544 ("Contracts in small print") provides: "The portion of any printed contract or agreement involving a consumer transaction or a lease for space to be occupied for residential purposes *where the print is not clear and legible or is less than eight points in depth or five and one-half points in depth for upper case type may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement,* or who caused said agreement or contract to be printed or prepared. As used in the immediately preceding sentence, the term 'consumer transaction' means a transaction wherein the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes" (emphasis supplied).

Although this statute speaks in terms of the admissibility in evidence of such a contract, the underlying purpose of this "consumer" legislation is to prevent draftsmen of small, illegibly printed clauses from enforcing them (McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 4544 [1986 Supp Pamph], p 422). The few cases construing this statute interpret it as rendering a contract's provisions "unenforceable" if printed in "small print" *(see, Balram v Etheridge,* 113 Misc 2d 251; *Koslowski v Palmieri,* 98 Misc 2d 885; *Sorbonne Apts. Co. v Kranz,* 96 Misc 2d 396). Provisions of a contract appearing in small print "should not be enforced by the party who caused the agreement to be printed" (memorandum of Assemblyman Edward H. Lehner, 1975 NY Legis Ann, at 40). Although, technically, the respondent is not offering this provision in evidence, it is seeking to enforce the arbitration agreement by cross motion. It is a

statutory requirement that an agreement to arbitrate be in writing (CPLR 7501), and it appears that this writing may not be enforceable pursuant to CPLR 4544.

The contract in question appears to fall squarely within the ambit of this statute as one involving a " ' "consumer transaction" ' " wherein the " 'service' " performed is " 'primarily for * * * household purposes' " (see, Drelich v Kenlyn Homes, 86 AD2d 648, 649; see also, Donnelly v Mustang Pools, 84 Misc 2d 28).

Accordingly, this case is remitted to the Supreme Court, Kings County, to conduct a hearing on the CPLR 4544 issue.

The petitioners' argument that the arbitration agreement is not enforceable under General Obligations Law § 5-702 because it is written in technical language is without merit. General Obligations Law § 5-702 does not affect the enforceability of agreements that are in violation of its provisions and merely provides for damages therefor. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.