■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. RAFAEL HILDALGO, JR., an Infant, by His Father and Natural Guardian, RAFAEL HILDALGO, SR., et al., Respondents.—In a proceeding to stay arbitration, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Oppido, J.), entered July 14, 1986, which denied the application and (2), as limited by its brief, from so much of an order of the same court, entered August 26, 1986, as, upon reargument, adhered to the original determination, and which granted a cross petition to compel arbitration.

Ordered that the appeal from the order entered July 14, 1986, is dismissed, as that order was superseded by the order entered August 26, 1986, made upon reargument, and it is further,

Ordered that the order entered August 26, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

An arbitration clause in the underinsured motorist endorsement of an automobile insurance policy issued by the petitioner to the respondents provided that any disputes between the parties as to "[w]hether or not a claim [under the underinsured motorist endorsement] is payable and the actual amount we'll pay" was to be submitted to arbitration. When the respondents were allegedly injured in an accident with an underinsured motorist, they made a claim under the underinsured motorist endorsement of their policy with the petitioner.

The petitioner refused to settle the claim, and the respondents made a demand for arbitration. The petitioner then commenced the instant proceeding for a stay of arbitration. It argued that the respondents were not entitled to bring a claim under the underinsured motorist endorsement of their policy because they failed to comply with certain provisions and conditions precedent set forth in the policy. Specifically, it was alleged that they did not fulfill the condition precedent to the petitioner's obligation to make payment on a claim, namely, that all of the underinsured motorist's insurance which applied to the injury be "used up in paying court judgments or settlements", and that they failed to obtain the petitioner's written consent prior to settling their claim against the underinsured motorist for $10,000 and providing him with a general release (also violating the clause in the policy providing the petitioner with subrogation rights against the underinsured tort-feasor). In response, the respondents maintained that they never accepted the $10,000 settlement offered by the underinsured tort-feasor's insurance company, nor did they grant the underinsured tort-feasor a general release of all claims against him. In any event, the petitioner could not reasonably refuse to consent to such a settlement offer. There is no evidence on the record that the respondents did accept the settlement offer or grant a general release.

All of the issues and disputes raised above relate directly to the underlying question of "whether or not a claim is payable". Because the broad arbitration clause in the policy at bar specifies that all disputes as to this precise question shall be submitted to arbitration, the petitioner's application for a stay of arbitration was properly denied. We also note that when the parties properly agree to submit a dispute or claim to arbitration, a trial court should not pass on the merits of that claim, but rather it is for the arbitrator to make that determination and to interpret provisions in the contract in resolving the dispute (CPLR 7501, 7503 [b]; *see also, Sisters of St. John the Baptist v Geraghty Constructor,* 67 NY2d 997; *Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348; *Board of Educ. v Barni,* 49 NY2d 311; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91; *Matter of Denihan [Denihan],* 119 AD2d 144, *affd* 69 NY2d 725). Accordingly, the trial court properly denied the petitioner's application for a stay of arbitration. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.