■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v EDWARDO KUPER, Appellant.—In a proceeding pursuant to CPLR 7503 (b) for a permanent stay of arbitration before the American Arbitration Association, Edwardo Kuper appeals from a judgment of the Supreme Court, Richmond County (Leone, J.), dated December 5, 1986, which granted the application.

Ordered that the judgment is affirmed, with costs.

The appellant's demand for arbitration failed to comply with the explicit provisions of CPLR 7503 (c) since it omitted the mandatory 20-day preclusion language. Therefore, the application for a stay of arbitration was not time barred *(see, Matter of Fillipazzo v Garden State Brickface Co.,* 120 AD2d 663). On the merits, we find that the petitioner was entitled to a stay of the requested arbitration before the American Arbitration Association (hereinafter AAA). The agreement of the parties, by its terms, expressly provides for submission of the dispute to arbitration under the rules of the AAA only if neither party objects to submission to that body. Therefore, consent of both parties was a condition precedent to the agreement to submit the dispute to that body for arbitration and it is for the court to determine whether there was compliance with that condition *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). The petitioner, in accordance with the agreement, clearly expressed its objection to submission of the dispute to the AAA, both by letter and by way of this proceeding. Therefore, the condition precedent to the submission of the dispute to the AAA was not met. *Accordingly,* the requested arbitration before that body was properly stayed and the parties are relegated to the alternative arbitration procedures set forth in their agreement. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.