■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v MIRIAM DONATH, Respondent.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an underinsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 2, 1988, which denied its application, and (2), as limited by its brief, from so much of an order of the same court, dated March 28, 1989, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 2, 1988, is dismissed, as that order was superseded by the order dated March 28, 1989, made upon reargument; and it is further,

Ordered that the order dated March 28, 1989, is reversed insofar as appealed from, on the law, the order dated December 2, 1988, is vacated, and the petitioner's application to stay arbitration of Miriam Donath's claim for underinsured motorist benefits is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

On March 19, 1985, a vehicle operated by the respondent Miriam Donath was struck by a vehicle owned and operated by John Stewart, and covered by a liability insurance policy issued by Allstate Insurance Company (hereinafter Allstate). After instituting an action against Stewart, Donath reached a settlement agreement with Allstate for $10,000, the policy limit. As part of the settlement agreement, Donath executed a general release without limitation or reservation and a stipulation to discontinue the action. Donath also filed a claim with State Farm Mutual Insurance Company (hereinafter State Farm) for recovery of benefits under the underinsured motorist endorsement of a policy maintained by Donath's husband, the owner of the subject vehicle. The policy provided as a

condition of underinsured motorist coverage that an insured may not settle with any person or organization who may be liable for bodily injury to the insured without State Farm's written consent. The respondent made a demand for arbitration of the underinsured motorist claim. State Farm then commenced the instant proceeding for a stay of arbitration. It argued, *inter alia,* that the respondent was not entitled to bring a claim under the underinsured motorist endorsement of the policy because she failed to obtain State Farm's written consent to settlement of her claim against Stewart, in violation of a provision of the policy. The Supreme Court denied State Farm's application for a stay of arbitration, finding that the disputes with respect to whether State Farm had consented to the settlement of the claim against Stewart and whether Donath had given State Farm timely notice of her underinsured motorist claim were for the arbitrator to resolve. Upon granting reargument, the Supreme Court adhered to its original determination. This appeal ensued.

Contrary to the Supreme Court's holding we find that the coverage issues raised in this proceeding are for the court to determine prior to arbitration. The insurance policy in question limits arbitration to disputes with respect to two questions: the right to recover from the underinsured tort-feasor and the amount of the insured's damages. Where, as here, an arbitration clause is limited in scope, claims outside that scope are not deemed to be arbitrable *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7; *Matter of Allstate Ins. Co. v Kuper,* 134 AD2d 256). *Matter of Prudential Prop. & Cas. Ins. Co. (Hildalgo)* (133 AD2d 87) upon which the Supreme Court premised its decision is distinguishable from the case at bar. Unlike the instant case, the arbitration clause of the underinsured motorist endorsement therein was stated broadly to require arbitration of any disputes between the parties as to whether or not a claim under the underinsured motorist endorsement was payable and the amount of damages the insurance company would pay. That provision was broad enough to include all disputes as to coverage under the underinsured endorsement, whereas the provision at issue at bar is stated in more limited terms. In the instant case, the claim sought to be arbitrated was outside the scope of the arbitration provision of the respondent's policy with State Farm.

We further find that by failing to obtain written consent from State Farm prior to settling with Stewart, as required by the policy as a condition precedent to underinsured motorist

coverage, and depriving State Farm of its subrogation rights against Stewart, the respondent was precluded from asserting a claim for benefits under the underinsured motorist provisions of the insurance policy *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Matter of State Farm Mut. Ins. Co. v Parker,* 160 AD2d 882; *Leeds Peninsula Pharmacy v American Natl. Fire Ins. Co.,* 125 AD2d 551; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.