■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and CHRISTOPHER ZENATY, Appellant.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered May 22, 1990 in Orange County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

While operating his father's automobile in December 1985, respondent was involved in a collision with another vehicle. He promptly notified petitioner, the insurer of his father's vehicle, of the happening of the accident, reporting that he had been injured but that he did not believe his injury was serious. In March or April 1986, the driver of the other vehicle commenced an action against respondent, and petitioner was promptly notified of the action. An attorney was designated by petitioner to act as defense counsel on behalf of respondent in the pending action.

In December 1987, respondent's injury from the accident

took a turn for the worse and he underwent immediate surgery on his back. Shortly after his discharge from the hospital, respondent advised his defense counsel of the severity of his injury. Upon defense counsel's advice, respondent retained another attorney to prosecute a personal injury action against the other driver, which was commenced in January 1988. The insurer for the other driver did not respond to demands to disclose the amount of the other driver's insurance coverage until August 1988, when the insurer confirmed that coverage was the $10,000 minimum.

By letter dated August 29, 1988, respondent's attorney in the personal injury action against the other driver informed petitioner that a claim was being made on the underinsurance coverage provided by the insurance policy issued by petitioner to respondent's father. The letter also informed petitioner of the pendency of respondent's action against the other driver and that a settlement was being worked out. Petitioner was requested to provide a copy of its policy insofar as "underinsurance coverages are concerned" and was also asked to set forth petitioner's "requirements to conclude a claim in that regard". As a final matter, petitioner was asked if it had "any language in the form of subrogation, etc." that should be given to the other driver in the settlement of respondent's personal injury action. Petitioner apparently responded by disclaiming underinsurance coverage on September 27, 1988 upon the ground that questions of fact existed as to respondent's responsibility for the accident and the amount of respondent's damages.

Respondent demanded arbitration under the provisions of the policy and petitioner promptly commenced this proceeding to stay arbitration, asserting that respondent had failed to comply with certain conditions in the policy, including the failure to give timely notice of the claim, the failure to send to petitioner copies of the summons and complaint in respondent's action against the other driver, and the settlement of that action without petitioner's consent. In accordance with the holding in *Matter of State Farm Mut. Ins. Co. v Donath* (164 AD2d 889, *appeal dismissed* 76 NY2d 1016), Supreme Court ruled on these threshold issues. After a hearing, the court held that respondent's written notice within a reasonable time after discovering that he had a claim was sufficient compliance with the policy and that petitioner had not been prejudiced by the settlement since respondent's release of the other driver specifically reserved petitioner's subrogation rights. Nevertheless, Supreme Court granted the petition due

to respondent's failure to provide petitioner with a copy of the summons and complaint in his personal injury action, despite the absence of any prejudice to petitioner.

The judgment permanently staying arbitration should be reversed and the petition dismissed. Petitioner's failure to include in its original letter of disclaimer respondent's lack of compliance with the policy condition concerning the summons and complaint in respondent's personal injury action constitutes a waiver of any right to assert that ground as a basis for petitioner denying coverage in its petition to stay arbitration *(see, Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365-366).

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition dismissed.