OPINION OF THE COURT
Joseph R. Glownia, J.
NRD, Inc. (NRD), the petitioner, moved to stay the arbitration of a contract dispute between itself and Herbert Products, Inc. (Herbert).
Herbert Products, Inc. served a demand for arbitration on NRD Division of Mark IV Industries and its counsel. The demands were sent by certified mail and receipts were re *969 turned on December 2, 1991 and November 26, 1991, respectively. The locale chosen for the arbitration was the American Arbitration Association (AAA) office in Garden City, Nassau County, New York.
NRD failed to object to the locale chosen within the requisite period stated in rule 11 of AAA rules and was so advised by the administrator.
On December 18, 1991 NRD filed a demand for arbitration under the same contract seeking a Buffalo locale. Immediately thereafter NRD sought a stay of the first arbitration by this action commenced on December 20,1991.
The validity of the contract is not in dispute inasmuch as each party has used it as the basis in their demand for arbitration of their disagreements. Based upon the reasoning herein, and as a result of its own reliance upon the agreement, NRD’s contention that there is no valid arbitration agreement between the parties cannot be sustained.
NRD also alleges that the demand of Herbert is of no force and effect because it is addressed to the wrong party. Therefore, it contends the first arbitration demand is a nullity.
The following facts are undisputed. The original agreement under which arbitration is sought between the parties is dated December 18, 1976 and was executed by NRD Division of Glar-Ban Corporation with Herbert Products, Sales Division, Inc. (Herbert Products, Inc. is the successor in interest to Herbert Products, Sales Division, Inc.). Paragraph 23 of the agreement is an arbitration clause and incorporates therein the rules of the AAA. Paragraph 22 provides that notices are to be made by registered mail, return receipt requested, to the contract address or to such other address as may have been designated by written notice. No new address was ever designated.
Subsequent to the execution of the agreement, a formal notice of name change was given to Herbert when NRD became "NRD Division of Mark IV Industries.”
On December 30th, 1985 Mark IV Industries Inc. contributed the assets and liabilities of the NRD Division, including the agreement dated December 17, 1976, to a new and separate corporation called "NRD, Inc.”. Mark IV Industries continues as the sole shareholder of NRD, Inc. No formal notice of this name change or creation of the new identity was given to Herbert. However, since 1985 numerous business transactions occurred between the parties through which Herbert *970 knew or should have known it was dealing with a corporation known as NRD, Inc.
The notice of arbitration was sent to "NRD Division of Mark IV Industries” by certified mail, return receipt requested, at the contract address which is also the address of the new entity "NRD, Inc.” The address was never changed whether the entity was known as NRD Division of Glar-Ban, NRD Division of Mark IV Industries or NRD, Inc. In addition, notice was mailed to NRD’s attorneys.
The incorporation of the AAA rules into the contract provides the required method of service. The service is to be by registered mail and mailed to the address as noted in the contract or a successor address if so notified. There is no stringent requirement to serve a particular person or entity, only that notice be received at the proper address. This court, however, must decide the threshold question of whether there is a valid arbitration agreement and if service was proper.
Delivery to the person or entity at the proper address even though the party is not properly identified is effective if the party has been in fact apprised of the dispute and is not prejudiced by the misidentification or irregularity. In Fashion Envelopes v Minsky & Losquadro (73 AD2d 514 [1st Dept 1979]), Losquadro served a demand for arbitration against Minsky rather than the corporation, Fashion Envelopes, Inc. Since Minsky and Losquadro owned all the corporate stock and participated in the arbitration, the corporation had notice of the intent to arbitrate and was not prejudiced to the extent necessary to vacate the award.
Further, in Matter of Filippazzo v Garden State Brickface Co. (120 AD2d 663 [2d Dept 1986]), the arbitration notice was addressed to Mr. & Mrs. James C. Filippazzo. Only Mr. Filippazzo signed the certified mail receipt. The petitioner moved to stay arbitration claiming that service was not effective on Mrs. Filippazzo. In that case the court held the service to be effective stating (supra, at 664): "the appellants had identical interests as parties to the litigation and the letter was actually received at Mrs. Filippazzo’s residence.” To a similar effect: Matter of Walker (58 Misc 2d 729) where service of notice to arbitrate by certified mail upon petitioner’s mother at petitioner’s address was deemed sufficient; Chubb & Son v Alson (77 Misc 2d 490 [1974]) where defendant’s name was not properly spelled; Matter of Perkins & Will Partnership (Syska & Hennessey) (50 AD2d 226) where service upon a dissolved *971 partnership of notice of arbitration was deemed proper upon all partners.
CPLR 305 (c) authorizes the court in its discretion to allow any summons or proof of service to be amended if a substantial right of a party against whom the summons issued is not prejudiced. This provision and its predecessors have been consistently interpreted as allowing a misnomer in the description of a party defendant to be cured by amendment, even after the Statute of Limitations has run. Generally such an amendment is granted where there is evidence that the correct defendant, misnamed in the original process, has in fact, been served.
In Luce v Pierce Muffler Shops (51 Misc 2d 256), the real defendant was actually "Pierce Brake Service Center, Inc.” instead of the defendant named, that is "Pierce Muffler Shops.” These were in fact two separate entities, but the person served owned 98% of the stock in each corporation. Where service of process has been affected under a misnomer upon the party which plaintiff intended to sue, it is the court’s duty to determine whether, notwithstanding the error, the defendant was fairly apprised that it was the party the action was intended to affect, and if so, the court has acquired jurisdiction. (Gajdos v Haughton Elevator, 131 AD2d 428 [2d Dept 1987]; Connor v Fish, 91 AD2d 744 [3d Dept 1982]; Staheli v Aetna Ins. Co., 52 AD2d 754 [4th Dept 1976]; Lotito’s Brooklyn Dairy Prods. v Freedom Foods, 113 Misc 2d 115 [Mount Vernon City Ct 1980]; Gleicher v Schachner, 149 Misc 2d 218 [Civ Ct, Kings County 1990].)
Herbert’s demand for arbitration misidentified the corporation. However, by serving the notice at the proper address as prescribed by AAA rules, together with the fact that Mark IV Industries is the sole stockholder of NRD, Inc., the court concludes that NRD was not misled. NRD has in fact been apprised of the dispute and is not prejudiced by the misidentification or irregularity. The fact that one or the other may be required to attend the hearing at an inconvenient location is not an argument of prejudice sufficient to set aside the service. The arbitration should go forward under the Herbert demand.
There is a potential risk, however, that if the title is not reformed findings may be against the wrong entity, i.e., Mark TV Industries. Mark IV Industries is an assignor and as such it could not seek arbitration nor be subject to arbitration. (Tanbro Fabrics Corp. v Deering Milliken, 35 AD2d 469 [1st *972 Dept 1971]). The title, therefore, should be reformed to read NRD, Inc., deleting arbitration against Mark IV Industries as an award is only conclusive between parties to the arbitration (Solon v Jones & Laughlin Steel Corp., 53 AD2d 964 [3d Dept 1976]).