◼ In the Matter of EDWARD KOENIG, Respondent, v ALL-STATE INSURANCE COMPANY, Appellant. [704 NYS2d 819] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an uninsured motorist claim, Allstate Insurance Company appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 23, 1999, which, upon renewal, granted the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The appellant contends that the Supreme Court erred in failing to resolve the issue of whether a second vehicle was involved in the insured's accident before directing that the parties proceed to arbitration. However, under the arbitration clause contained in the applicable "Out of State Uninsured Motorists Insurance" provision of the subject policy, that is "a factual issue within the scope of the agreement to arbitrate and is not to be resolved by the judiciary" (*Allcity Ins. Co. v Williams,* 120 AD2d 1, 3-4; *see also, Matter of Prudential Prop. & Cas. Ins. Co. [Hildalgo],* 133 AD2d 87; *cf., Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889).

The appellant's remaining contentions are without merit. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.