In an action to recover damages for personal injuries, (1) the defendant Lawrence H. Schiffman appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 2, 2006, as conditionally granted the motion of the defendants Hann Auto Trust and Hann Financial Services Corporation for summary judgment on their cross claim against him for contractual indemnification, and the defendants Hann Auto Trust and Hann Financial Services Corporation cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as limited their recovery on the cross claim to an amount in excess of the minimum amount of liability insurance required to be carried by law, and (2) the defendants Hann Auto Trust and Hann Financial Services Corporation appeal from a judgment of the same court (Brandveen, J.), dated January 3, 2007, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $650,000.
Ordered that the appeal from the judgment is dismissed as abandoned; and it is further,
Ordered that the order entered June 2, 2006 is reversed insofar as appealed and cross-appealed from, on the law, the motion of the defendants Hann Auto Trust and Hann Financial Services Corporation for summary judgment on their cross claim against the defendant Lawrence H. Schiffman for contractual indemnification is denied, the cross claim is severed, and the matter is remitted for further proceedings in accordance herewith; and it is further,
Ordered that one bill of costs is awarded to the defendant Lawrence H. Schiffman payable by the defendants Hann Auto Trust and Hann Financial Services Corporation.
The defendant Lawrence H. Schiffman (hereinafter the appellant) leased a vehicle from Penn Toyota, LTD, which assigned the lease to the defendant Hann Auto Trust and/or the defendant Hann Financial Services Corporation (hereinafter together Hann). Subsequently, Daniel Schiffman, the appellant’s son, was involved in an accident while using the vehicle with the appellant’s permission. The plaintiff Bruria Schiffman, Daniel’s *651 wife and a passenger in the vehicle, was injured in the accident. The plaintiff commenced this action against the appellant and Hann, alleging that they were liable for her injuries pursuant to Vehicle and Traffic Law § 388. Hann asserted a cross claim against the appellant for contractual indemnification pursuant to a provision in the vehicle lease, and moved for summary judgment on its cross claim.
The Supreme Court should have denied Hann’s motion for summary judgment on its cross claim for contractual indemnification. In opposition to Hann’s prima facie showing of its entitlement to summary judgment on its cross claim, the appellant raised a triable issue of fact concerning whether the type size of the indemnification provision of the subject lease fails to meet the requirements of CPLR 4544 and is thus unenforceable (see CPLR 105 [t]; Gulf Ins. Co. v Kanen, 13 AD3d 579, 580 [2004]; Matter of Filippazzo v Garden State Brickface Co., 120 AD2d 663, 665 [1986]).
On its cross appeal, Hann contends that because Vehicle and Traffic Law § 370 (3), which requires those engaged in the business of renting or leasing “rental vehicles” to provide a minimum amount of primary insurance to their renters, does not apply to those engaged in the business of leasing “leased vehicles,” the Supreme Court should not have limited Hann’s recovery on its cross claim to an amount in excess of the minimum amount of liability insurance required to be carried by law (see Vehicle and Traffic Law §§ 121-d, 137-a; ELRAC, Inc. v Ward, 96 NY2d 58, 78 [2001]). It cannot be determined on this record whether the subject vehicle was a “rental vehicle” within the meaning of Vehicle and Traffic Law § 370 (3). Therefore, if the lease is found to meet the type-size requirements of CPLR 4544, thereby entitling Hann to recover on its cross claim for contractual indemnification, the Supreme Court shall hold a hearing to determine whether the subject vehicle was a “rental vehicle” within the meaning of Vehicle and Traffic Law § 370 (3), and thus, whether Hann’s recovery should be limited to an amount in excess of the minimum amount of liability insurance required by that statute (see ELRAC, Inc. v Ward, 96 NY2d at 78).
The parties’ remaining contentions are without merit.
Motion by the defendants Hann Auto Trust and Hann Financial Services Corporation, inter alia, to dismiss an appeal by the defendant Lawrence H. Schiffman from an order of the Supreme Court, Nassau County, entered June 2, 2006. By decision and order on motion of this Court dated May 5, 2008 [2008 NY Slip Op 71016(U)], that branch of the motion which was to *652 dismiss that appeal was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is
Ordered that the branch of the motion which was to dismiss the appeal by Lawrence H. Schiffman from the order entered June 2, 2006, is denied. Skelos, J.E, Santucci, Balkin and Chambers, JJ., concur. [See 12 Misc 3d 1164(A), 2006 NY Slip Op 51060CU).]