The appeal from the intermediate order dated March 19, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Debre M. Rothfeld made a claim under a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement issued to her parents by the petitioner, Liberty Mutual Fire Insurance Company (hereinafter Liberty Mutual). Liberty Mutual thereafter filed a petition to compel arbitration of the issue of whether Rothfeld’s claim was barred by a policy exclusion. The Supreme Court determined that Liberty Mutual was not entitled to arbitrate that issue, and directed that arbitration proceed only as to the issues of Rothfeld’s right to recover from the uninsured/underinsured tortfeasor and the amount of her alleged damages recoverable under the SUM endorsements.
The SUM endorsement at issue in this case provided for arbitration of disagreements as to whether the insured was “legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained *726 by the insured, or . . . as to the amount of the payment that may be owing under this SUM coverage.” Contrary to Liberty Mutual’s contention, the portion of this clause requiring arbitration “as to the amount of the payment that may be owing under this SUM coverage” cannot be read to cover questions of whether a claim is excluded from coverage. Rather, the subject arbitration clause was “particular, not general,” and “made arbitrable two fact issues only,” that is, whether Rothfeld was entitled to recover from the uninsured/underinsured motorist, and the amount of damages recoverable under the SUM endorsement (Matter of Rosenbaum [American Sun Co. of N.Y.], 11 NY2d 310, 314 [1962]; see Matter of Travelers Indem. Co. [Levy], 195 AD2d 35, 39-40 [1993]; cf. Matter of Prudential Prop. & Cas. Ins. Co. [Hildalgo], 133 AD2d 87, 87 [1987] [involving a broad arbitration clause, which provided for arbitration of disputes as to: “whether or not a claim (under the underinsured motorist endorsement) is payable and the actual amount we’ll pay”] [emphasis added]). Accordingly, the Supreme Court properly denied the petition to compel arbitration on the issue of whether Rothfeld’s claim was barred by a policy exclusion and properly directed arbitration to proceed only as to the issues of Rothfeld’s right to recover from the uninsured/ underinsured tortfeasor and the amount of her alleged damages recoverable under the SUM endorsement. Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.